Peggy Sasso on behalf of Christina Williams, who is present, and I'd like to try to reserve two minutes, please. For over three decades, this Court has staunchly protected a district court's authority to decide whether to grant a motion to withdraw in the interest of fairness and justice. The only time that this Court has reversed a district court in this context is when it applied a more rigorous standard than the liberal and generous fair and just standard. And the reason for this is clear. At the end of the day, the criminal justice system's moral credibility, its legitimacy, its efficacy depends upon its reputation for fairness and justice in the community. And it is the district court judge who takes the change of plea, who's on the ground, who is the impartial representative of the community, who this Court has entrusted with balancing the equities between finality and an individual's right to trial. But isn't there a problem here with five years between when the incident happened, repeated violations of the conditions of her release, and then after five years and she goes to a two-year program and does very well, then the judge says, I don't think I have the authority to do this, but I want you to appeal. He's right. He doesn't have the authority to do that, does he? Yes, he does, Your Honor. This Court has been very clear that for any reason that doesn't exist at the time of the change of plea, a court has the authority to weigh the equities. This Court has been very clear. Can I ask a question about that? I mean, I don't mean to cut you off, but the answer seems to be the language, which does seem to support esoterically your position that anything that doesn't exist at the time. But if you go read that quote in context, it seems to be at the end of a list of examples, all of which have to do with things that would have caused the defendant not to plead guilty in the first place. And so I'm not sure that we can read it quite as broadly, that language that you're quoting, as you would want to suggest. I think you can. I think this Court has never said anything like the list that comes before it. It said, or any other reason. And this Court has stressed that any other reason doesn't need to be about prejudice at trial, guilt or innocence, because there's a whole host of factors that go into the criminal justice system's reputation for fairness and justice in the community. It's not tied specifically, as this Court has said over and over again, to an individual's specific merits at trial. It's not only about trial. There are other factors here. And so the list, it's impossible to come up with a specific list that a district court would need to go through. And I think we need to keep in mind that the reason why the district court is entrusted with this is because it is taking the change of plea, and it is on the ground and can assess those variety of factors which are unique in any specific case. And the district courts are not in the business of withdrawing change of pleas. This is not something that this Court needs to police. District court judges take the change of plea. If they were willy-nilly letting people withdraw their change of plea, they would not be able to manage their courtroom or their docket, which is why this Court has entrusted district courts with weighing those equities. But it seems to me the problem with your argument, by the way, I mean, your client, there's no question, there's a lot of sympathy for your client. It seems like the district court had it dead on that this, you know, everyone's happy for the rehabilitation that took place. But where are the limits? Is rehabilitation enough? Can that qualify for taking away the plea in the first instance? Or doesn't it have to be something more than that? Where would you say the limits are? Absolutely, Your Honor. And the district court was crystal clear it's not about rehabilitation per se. The court said over and over again any time an individual gets their life back, they would want to withdraw their change of plea. And he was very careful to say that's not why I'm doing it. I'm doing it because this is a once-in-a-lifetime situation. The judge retires next week. In his entire 30 years, this is the only time that these facts have lined up this way. But what facts other than the rehabilitation weren't it? It's not just rehabilitation. It is the extraordinary rehabilitation that was unforeseeable at the time. And I would also say there's an overlay here that goes to the interest of fairness and justice in terms of the colloquy that the judge had with Ms. Williams. We have him on August of 2014 saying over and over again, I keep my promises. No matter what, I keep my promises. Then the next court appearance was August of 2017, and the judge says, well, I don't know at this point whether I agree with the government. But at some point in time, from my standpoint, good cause does exist for such a motion to be brought. And I'm willing to put this out for one year before sentencing. And if you are, Ms. Williams, where I think you're going to be on the spectrum of success at that point, I will entertain a motion to withdraw your plea so that you do not suffer for a lifetime of the felony conviction that would stand in your way of success that I think you're going to achieve. Now, Ms. Williams then went out and did exactly what the judge asked her to do and continued her extraordinary performance. And then when she comes back, the judge says, very good. That's amazing. I've never seen anything like that, but I don't have the authority. It's not always a rosy story, is it? And I would like to know, Rule 32 says that the court must impose the sentence without unnecessary delay. And you think five years is a necessary delay? Your Honor, this court has said delay never goes to whether a reason is fair and just. It goes to an individual's candor. There is no argument here that there's no issue with candor here. So the delay is of the court's own making. And this also goes to the fair and just in terms of how the lay community is. Well, but Rule 32 says if there is delay, the court may for good cause change any time limits. What was the good cause when she repeatedly violated all of the conditions by continuing to abuse substances from when she entered the plea until she ultimately made it out of the Delancey house? Your Honor, the abuse and the relapses happened in a very short period of time before the change of plea. Then she did change her plea and she relapsed again. This all happened in the span of, I think, six or seven months. That's not the delay here. The delay is that Ms. Williams, instead of agreeing to go to prison, which would have been the easy choice, she went to Delancey Street and she spent two years there and then volunteered for an extra nine months, came out with a profession, which very few people come out with. She came out with a letter that I think historically Delancey Street has never, ever done. And that's what this court is recognizing. And the delay, as this court has said, goes to candor, not to whether the reason is fair and just. And in this case, the court itself set it out for a year and said if you continue on this amazing trajectory, then I will entertain this motion to withdraw so that you do not suffer a lifetime of a felony conviction. Now, I think in the interest of fairness and justice, that qualifies in terms of bolstering the criminal justice system's reputation for fairness and justice, legitimacy. I think as a layperson, they would have understood the judge to be saying you continue doing really well and then I will do this so that you can exercise your right to go to trial. Okay. Why don't we hear from the other side and you've got some time. Thank you, Your Honor. Good morning and may it please the Court. Henry Carbajal representing the United States in this matter. Defendant Williams made laudable efforts to rehabilitate herself, but at this point, she's basically changed her mind about her deal with the government and would like a different solution. Importantly, the reasons don't have anything to do with the case merits, Rule 11 defects, ineffective assistance of counsel or new evidence. In fact, the claims are divorced from the merits and the procedural posture of the case. And the claim being made is essentially that discretion under Rule 11 D2B is unfettered and withdrawal can be for any reason. But I think as we highlighted and argued in the court below and with the cases that we've cited, although the language is broad and the standard is generous, it is still moored and tethered to very substantial reasons that relate either to the case merits or some procedural defect or process problem that has happened during the course of the case. Are there other mechanisms available to get rid of this felony conviction? Yes. What are those mechanisms? So she would seek a pardon from the executive branch. That's one option that the court mentioned at the final sentencing hearing that that was definitely an option for her. Are there other options besides that? At this point in proceedings, I don't believe so. I know that some districts operate a diversion program. That would have been really difficult in this case because of the repeated violations that happened near the beginning of the case. Early on. There were three pretrial violations that put everyone in a very difficult spot on how to proceed and would have made, I think, a diversion from the outset unavailable. So was this a plea bargain that was a package deal with her co-defendant? Correct. So if she's allowed to withdraw her plea, what happens to him? I think he could also probably petition. I know he's been sentenced already. It's long past, which is one of the problems that we highlighted before the trial court below, as far as prejudice to the government under that prong. I don't know of any case law on point for that, being that he's sentenced and had subsequent proceedings even after that now. I don't know what effect it would have, but I don't doubt that there would be further proceedings on that co-defendant as well. When he did impose sentence, she was not present, was she? That's correct. She had waived her presence. Well, in a felony, can you waive presence for sentencing? Isn't the court required to address the defendant at sentencing?  And her waiver of appearance was put on the record, and I don't believe that that is a claim being made on appeal as well. I'm just curious about it because I do this every day, and the result of this could end up in me spending most of my time taking pleas from defendants who've pled guilty, and they now want to withdraw their plea because they've done well. I understand, Your Honor. There were many things that were unusual about the proceedings below, and as the court will note, the three-year delay from the change of plea to ultimately the sentencing of the government did object. If you look at ER 94, we objected to the two-year continuance. We objected to the additional year continuance, although I think as the judge highlighted earlier, everyone's happy with the defendant's progress. It doesn't relate to the validity or integrity of the conviction. Let me understand what's at stake here. Will, if we were to, as it were, affirm, because the district judge says I can't set it aside, I'd like you to appeal so I could set it aside because that's what I want to do. Yes. The district judge announced that he would sentence her to no time at all, some sort of supervised release, but that was it. I just heard that the judge is retiring. Is it going to go back to the same judge? Is the word retire used properly, or was it going to take senior status? What do we know? No, I believe he's retiring as of February 1st. Retiring. Correct. So it's going to go back to another judge. Correct. So whatever this judge might have said about the sentence may or may not be binding on the next one. Correct. But the sentence wouldn't change the underlying felony conviction, right? No, it would not. Okay. If it were to go back to the same judge, the only thing at stake in this case is whether or not there's a felony conviction on the books because she would not be serving any time. That's correct. She did not serve. I believe she was sentenced to time served the three months where she was remanded after some pretrial violations with no supervised release to follow. But, I mean, we would start again the trial process. And if it were to go back to a new judge, as it sounds it would be, would you ask for time or would you say the sentence that the earlier judge, Judge O'Neill, intended to issue is fine with us? Have you made up your minds on that? If it went back just for sentencing, I don't believe we made up our minds on that. Obviously, it's been some time. I haven't kept real close. I know that as of the time of the ultimate sentencing, she did very well. I have not gone back and checked and seen what the history is after that, whether she's been doing well or not. So it would depend on a host of factors that have happened in the interim that we're not privy to that would be flushed out in the record. Can I ask a question about this language in Ortega-Escanio about any other reason for withdrawing the plea that did not exist when the defendant entered his plea? Yes. I think defendant has a decent argument if you read that language as it is. What's the government's position on that? I mean, do you have to read that in context of the examples that were provided above or is it other cases that make clear that it has to relate to a potential exercise of the option to plead guilty that existed at the time? I think, and as the court is aware, that language comes from the Rios-Ortiz case from 1987 where it was stated a little differently. It was stated in terms of the negative, like we don't see a Rule 11 defect or intervening circumstances or any other reason. Now, as the court has clarified in cases that came after that, these started to be affirmative reasons as far as we look for Rule 11 defects, we look for intervening circumstances or any other reason. I'll give an example of where that any other reason was applied. I believe it was the United States v. Garcia. And that case was the discovery of some potentially new evidence. I'm sorry, Your Honor, I mixed that up. Davis. That was an any other reason case where there was a gross mixed characterization of the sentence. And, in fact, the district court found ineffective assistance of counsel with respect to. . . But, again, that would have related to something that existed before she made the plea that could have changed. Is that right or not? Or is that something that arose after the plea?  And then the discovery that that was incorrect would have happened well after. Right. But I guess that's my point. I mean, when I look here at newly discovered evidence, intervening circumstances, these things seem to apply at the time of the plea. That, yes, you discover it later, but it has to affect something at the time of the plea. But maybe I'm reading that too myopically. I don't know. Well, I don't know that the question of the timing is exactly dispositive. What I do know is that. . . What is dispositive? I mean, and maybe there is nothing. That's why we have these factors. But it is true that the factors that we've adopted or the courts have adopted don't exactly relate back to the language in Rule 11. Correct. So I think this court has set some clear categorical limits. For example, Rios-Ortiz says it cannot be a change of heart, even if it's a good faith change of heart. Insminger notes that withdrawal is the exception. And in that instance, if the intervening circumstances of non-binding district court opinion does not have sufficient weight to be a fair and just reason. There are misunderstanding of the law, subjective misunderstanding of the law is not sufficient. That was United States v. Jones. Newly discovered evidence that's not related to the defendant's case. Although Garcia did discover this was related to the defendant's case, had noted that if it's unrelated, surely would not result in a fair and just reasonable withdrawal. So I think the court has set some limits, and they all relate to either the merits of the case or the integrity of the process procedurally. It has to be tethered to that. And I would note as well that the burden for this motion is on the defendant. The defendant has to demonstrate a fair and just reason. The defendant has to point to some authority allowing a withdrawal for this reason. They haven't done it. And instead, I think the precedence this court set in Rios-Ortiz and in Insminger apply, that withdrawal is the exception. There are not substantial reasons that fit within the rule to be able to do this. And for those reasons, we ask that this court affirm the denial of the motion to withdraw. Thank you. Thank you. I would like to respond quickly to the issue of the package plea deal on ER-168, which is the plea agreement makes it very clear that it is only at the option of the government that the defendant is allowed to withdraw a plea. The package deal has absolutely no bearing in this case. And in terms of sentencing, this isn't about sentencing. Ms. Williams has been sentenced. This issue is about whether she is allowed to go to trial. Obviously, if she goes to trial and loses, then there will be issues with sentencing. But that's not what this case is about. The Supreme Court in Nagelberg in that case clearly made it very clear that an individual's change of plea. And all of the cases that the government relies on, whether it's Rios-Ortiz, Insminger, Mayweather, in all of those cases, it's very clear that the reason being proffered existed at the time of sentencing. Those cases are not on point. And with respect to Yamashiro, Jones, and Nostradus, all of those cases went to whether the individual knowingly and voluntarily entered their change of plea. So the plea colloquy was relevant there. That's not this case. It would be a dangerous road for this court to go down to suddenly start stripping district courts of their authority, when they're the ones that take the change of plea, they're the ones in the community, to decide what is a fair and just reason in the interest of fairness and justice to withdraw a change of plea. That would be unprecedented, and it would be a dangerous road for this court to go down. And this is a technical question, but it may be of some relevance to the practical outcome. Has she actually been sentenced? Yes, Your Honor. So if we were to affirm the sentence imposed by Judge O'Neill, that's it? It doesn't go back to sentencing by another judge? The case is done. So I was mistaken in thinking it would go back to another judge. No. The issue here is strictly about her right to trial and whether district court judges should be stripped of their authority. Got it. Okay. Thank you. Well, before we quit, I'd like to emphasize what Judge Nelson said. This is a story of perseverance and achievement by Ms. Williams, and you don't get a letter from Amy Silver for nothing. She was a tough customer. So there is quite a strong record here and quite an extraordinary record for which we compliment Ms. Williams. The case is submitted. Thank you very much.
judges: W. Fletcher, R. Nelson, Molloy